UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA MAUREEN SMITH,

    Petitioner,

v.

    CASE NO. 2:11-CV-10439
    HONORABLE LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Rebecca Maureen Smith, ("Petitioner"), presently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her pro se application, petitioner challenges her conviction on one count of second-degree felony murder, M.C.L.A. 750.317, for which she is serving a sentence of 25-60 years imprisonment. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner was convicted of second-degree murder, and acquitted of first degree murder, following a jury trial in the Oakland County Circuit Court. Petitioner has provided a detailed statement of facts in her petition for writ of habeas corpus. [1] Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict

---

[1] *See* Brief in Support of Petition for Writ of Habeas Corpus, pp. 28-34 [This Court's Dkt Entry # 1].

with the petitioner's statement of facts. [2] The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002)("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations."). Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner's conviction arose from the murder of petitioner's husband who was last seen on December 10, 2002. Michael Smith's partially clad body was found in a ditch on Oak Hill Road in Oakland County, Michigan. The medical examiner determined that the cause of death was two bullet wounds, one to the upper chest and one to the lower abdomen. (T 10/29/07, 139-147). Petitioner's mother called petitioner after watching a news story pertaining to the finding of a body which had a tattoo similar to that of the victim's. (T 11/1/07, 26-27, 265-267, 290-292, 300) After confirming that the dead man was Michael, Rebecca called their life insurance company to inquire about a life insurance policy that Michael had in the amount of $200,000.00. (T 11/1/07, 29-30, 48-49). The record reflects that a writ of restitution had issued on November 15, 2002 for nonpayment of rent. (T 10/30/07, 22). Petitioner's father helped petitioner move out on December 11th or 12th,

---

[2] *See* Respondent's Answer to Petition for Writ of Habeas Corpus, pp. 3-35 [This Court's Dkt Entry # 5].

within days of the victim's disappearance. Petitioner alleged that Michael had left Michigan to enter into a Florida rehab center to work on his alcoholism. (T 10/30/07, 132-133, 11/1/07, 164-165, 265-267, 296-301). Penny Smith, who had previously been married to Michael, testified that sometime around Thanksgiving 2002, Michael called her and asked to move in, telling her he was divorcing petitioner. He was ready to leave the kids and the wife behind. (T 11/1/07, 163, 171-173, 178-179). Penny, who was in a relationship with someone else, refused Michael's invitation to reconcile. (T 11/1/07, 172, 179). Petitioner's investigative subpoena deposition taken on May 12, 2003 was read into the record. (T 10/30/07, 121-123). Petitioner testified that she asked Randy Parks to borrow his gun that summer, telling him that she was planning to murder Michael because she was mad. (T 11/1/07, 66). She told Parks that she wanted Michael dead. *Id.* Petitioner testified that the week Michael left she thought if she could shoot him, he would go away. (T 11/1/07, 66-67). Blood later found under the closet floor in the house occupied by petitioner and the decedent matched the victim's DNA. (T 10/30/07, 107-108, T 11/2/07, 174).

Petitioner's conviction was affirmed on appeal, but was remanded for re-sentencing. *People v. Smith*, No. 282546, * 1,5 (Mich.Ct.App. August 6, 2009); *lv. den*. 485 Mich. 1011, 775 N.W. 2d 776 (2009). After re-sentencing on February 2, 2012, petitioner filed an appeal which she later withdrew. The Michigan Court of Appeal dismissed petitioner's appeal on September 7, 2010. *People v. Smith*, 297539 (Mich. Ct. App. September 7, 2010).

Petitioner seeks habeas relief on the following grounds:

I. The court abused its discretion and denied defendant a fair trial when it

permitted the prosecution to present an expert witness to testify that defendant lied and was not trustworthy.

II. The prosecutor engaged in misconduct and denied defendant a fair trial when he bolstered the testimony of the investigating officer by eliciting testimony from another witness that the officer was qualified and competent and never know (sic) to do "an improper following of a case or leads."

III. The court abused its discretion when, over defense objection, it admitted evidence of highly prejudicial but minimally probative letters written by defendant while she was in the county jail.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law

4

of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims ## 1 and 2. The procedurally defaulted claims pertaining to witness testimony.**

The Court will consolidate petitioner's first and second claims together which respondent alleges are procedurally defaulted because the Michigan Court of Appeals rejected the claims on the ground that petitioner had failed to preserve them by objecting at trial. *Smith*, Slip. Op. at * 1-2.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

In the present case, the Michigan Court of Appeals rejected petitioner's first and second claims because she had failed to preserve her claims in the trial court by making a contemporaneous objection. Michigan law requires defendants in criminal cases to present their claims in the trial courts in order to preserve them for appellate review. *See People v. Carines*, 460 Mich. 750, 761-64; 597 N.W.2d 130 (1999); *People v. Grant*, 445 Mich. 535, 546 (1994). The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's first and second claims does not constitute a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claims for plain error as enforcement of the procedural default. *See Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001). Moreover, the mere fact that the Michigan Court of Appeals addressed in the alternative the merits of petitioner's first and second claims does not alter this analysis. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also discussed the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991).

Petitioner contends that her first claim is not defaulted because her trial counsel objected in the trial court but the court did not address the objection. (Habeas Petition p.5, citing Tr. V, p. 18).

As an initial matter, it is unclear whether counsel, in fact, made a proper objection. When Officer Lanfear testified that the two different stories given by petitioner was an indication to him that she was lying, counsel stated, "I don't know if that's a proper

6

opinion." (Tr. V, p. 18). Counsel, however, did not make any legal argument as to why Officer Lanfear's testimony was improper. Under Michigan law, a vague objection is insufficient to preserve an evidentiary issue for appeal. *See People v. Considine*, 196 Mich. App 160, 162; 492 N.W. 2d 465 (1992). Moreover, although the judge did not respond to counsel's conclusory objection, the prosecutor offered to rephrase the question to Officer Lanfear and did, in fact, rephrase the question. Counsel did not object to the rephrased question or to Officer Lanfear's answer to the prosecutor's rephrased question. (*Id.,* p. 19). Because petitioner did not object after the prosecutor rephrased his question, she did not properly preserve this claim for appellate review under Michigan law. *See People v. Jones*, 468 Mich. 345, 355; 662 N.W. 2d 376 (2003)(to properly object, a party should make an objection between the question and the witness' answer). Counsel's failure to renew his objection to the prosecutor's questions and to Officer Lanfear's answers concerning petitioner's credibility thus did not preserve petitioner's first claim for appellate review. *See People v. Naugle,* 152 Mich. App. 227, 236, n. 3; 393 N.W. 2d 592 (1986); *See also People v. Morningstar,* No. 2005 WL 857129, * 1 (Mich.Ct.App. April 14, 2005)(claim unpreserved when defendant failed to object after prosecutor rephrased question in response to earlier defense objection). Petitioner's first claim is thus procedurally defaulted.

Petitioner has offered no reasons for her failure to preserve her first and second claims with the state courts. Because petitioner has not demonstrated any cause, it is unnecessary to reach the prejudice issue regarding her procedurally defaulted claims. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id*., at 324. Because petitioner has not presented any new reliable evidence that she is innocent of this crime, a miscarriage of justice will not occur if the Court declines to review petitioner's procedurally defaulted claims on the merits. *See Mack v. Jones*, 540 F. Supp. 2d 840, 847 (E.D. Mich. 2008).

Finally, assuming that petitioner had established cause for her default, she would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because her claim would not entitle her to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee*, 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's first and second claims and the Assistant Attorney General in her answer, petitioner has failed to show that her claims have any merit. The reasons justifying the denial of petitioner's first and second claims were "ably articulated by the" Michigan Court of Appeals, therefore, "the issuance of a full written opinion" by this Court regarding the merits of this claim "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins*, 328 Fed. Appx. 323, 324 (6th Cir. 2009). Petitioner is not entitled to habeas

relief on her first and second claims.

### B. Claim # 3.  Admission of letter.

Petitioner next contends that the trial court abused its discretion when it admitted highly prejudicial but minimally probative letters written by petitioner when she was in the county jail. Petitioner wrote several letters to her friend Kelly Cutean, while she was incarcerated in the county jail. In several of these letters, petitioner asked Cutean to write an anonymous letter to the police in which she would falsely confess to killing the victim. Petitioner wrote a similar letter to her sister Rachael Goodman. One of the letters was intercepted and admitted at trial.

The Michigan Court of Appeals rejected this claim, finding that any prejudice was not outweighed by the probative value of the letter.

> At trial, the prosecutor presented evidence that the letter was relevant because it provided details about the crime that were consistent with the forensic evidence but not contained in public police reports. For example, the police had not considered the possibility that the killer removed the victim's pants after the murder because the killer vomited on the pants. Also, defendant indicated in her letter that the body was wrapped in a tarp, but the police theory at that time was that the body had been wrapped in linens. Further, an investigating officer testified that the police found significant the level of detail provided in the letter about acts such as loading the body into a vehicle. It is for the jury to evaluate this testimony and determine whether it establishes that the letter is evidence of defendant's guilt.
>
> Further, any prejudice introduced by the letter does not outweigh its probative value. Unfair prejudice exists where there is a "tendency that the evidence will be given undue or preemptive weight by the jury, or when it would be inequitable to allow use of the evidence." The possibility of prejudice introduced by this evidence is interwoven with the jury's determination of defendant's guilt. As defendant notes, the letter could be the work of a desperate, innocent mother. On the other hand, the letter could be part of a

> larger scheme to lead the police away from the murderer. Not all evidence damaging to a defendant is unfairly prejudicial. Further, there is no indication that the jury would have convicted defendant of murder on the basis of her attempts to manipulate the judicial system rather than the substantive evidence against her, including the contents of the letter.

*People v. Smith*, Slip. Op. at * 4 (internal citations omitted).

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d at 552.

Petitioner's claim that she was denied a fair trial by the admission of irrelevant and prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). Petitioner is not entitled to habeas relief on her third claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable

jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because jurists of reason would not find this Court's resolution of her claims to be debatable. *See Strayhorn v. Booker*, 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would

11

be frivolous. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V.  ORDER

Accordingly, the Petition for Writ of Habeas Corpus is DENIED.

The Court further DENIES a certificate of appealability.

                                                          <u>S/Lawrence P. Zatkoff</u>
                                                          HON. LAWRENCE P. ZATKOFF
Dated: March 24, 2014                    UNITED STATES DISTRICT JUDGE